IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRAIN W.,[1] | ) |
|       Plaintiff, | ) |
| | ) No. 24 C 12827 |
|   v. | ) |
| | ) Magistrate Judge |
| FRANK BISIGNANO, | ) Maria Valdez |
| Commissioner of Social Security,[2] | ) |
| | ) |
|       Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Brian W.'s claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's request to reverse the decision of the Commissioner [Doc. No. 13] is granted, and the Commissioner's cross-motion for summary judgment [Doc. No. 16] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

[2] Frank Bisignano is substituted for his predecessor pursuant to Federal Rule of Civil Procedure 25(d).

## BACKGROUND

### I. PROCEDURAL HISTORY

On July 30, 2021, Plaintiff filed applications for DIB and SSI, alleging disability since October 11, 2017. The claim was denied initially and upon reconsideration, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on May 10, 2023. Plaintiff appeared telephonically and testified at the hearing and was represented by counsel. Vocational expert ("VE") George Parsons also testified.

On July 19, 2023, the ALJ denied Plaintiff's claim for benefits, finding him not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of October 11, 2017. At step two, the ALJ concluded that Plaintiff had the following severe impairments: costochondritis, myofacial pain syndrome, degenerative disc disease, obesity, generalized anxiety disorder, and depressive disorder. The ALJ concluded at step

2

three that his impairments, alone or in combination, do not meet or medically equal a Listing. Before step four, the ALJ determined that Plaintiff retained the Residual Functional Capacity ("RFC") to perform sedentary work with the following additional limitations: can never climb ladders, ropes, or scaffolds; can occasionally climb ramps or stairs, balance, stoop, kneel, crouch, and crawl; can use a cane as needed to get to and from the work station; must be provided a sit-stand option allowing standing for one to two minutes after sitting for 30 minutes; must be allowed to use the right hand no more than frequently to handle, finger, and feel; must no more often than frequently have to reach in all directions with the right upper extremity; must only perform simple routine tasks; must have no contact with the public for work purposes and must have no more than occasional contact with coworkers and supervisors for work purposes.

At step four, the ALJ concluded that Plaintiff would be unable to perform his past relevant work as a produce clerk, shopping investigator, stock clerk in retail, or insurance filing clerk. At step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that he is not disabled under the Social Security Act.

## DISCUSSION

### I.   ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if they have an "inability to engage in any substantial gainful activity by reason of any medically

3

determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a Plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the Plaintiff presently unemployed? (2) Does the Plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the Plaintiff unable to perform her former occupation? and (5) Is the Plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the Plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The Plaintiff bears the burden of proof at steps 1-4. *Id.* Once the Plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the Plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus "limited to ensuring that substantial evidence supported the ALJ's decision and that the ALJ applied the correct legal standards." *Morales v. O'Malley*, 103 F.4th

4

469, 472 (7th Cir. 2024); *see Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted); *see Warnell v. O'Malley*, 97 F.4th 1050, 1051 (7th Cir. 2024) ("[S]ubstantial evidence [is] a standard that the Supreme Court has emphasized is light.").

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether Plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841. At all times, the burden of demonstrating disability remains on the claimant. *See Summers v. Berryhill*, 864 F.3d 523, 527 (7th Cir. 2017). "It is not enough to nitpick the ALJ's order. To warrant reversal, [the claimant] must show that the ALJ's determination was not

5

supported by substantial evidence." *Morales*, 103 F.4th at 471 (explaining further that claimants "must demonstrate with references to evidence why the ALJ's determinations lack substantial support in the administrative record").

ALJs therefore "are subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence . . . or cite support for every proposition or chain of reasoning." *Warnell*, 97 F.4th at 1053. However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). ALJs must "provide an explanation for how the evidence leads to their conclusions that is 'sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the claimant] meaningful judicial review." *Warnell*, 97 F.4th at 1054; *see Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007); *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). Furthermore, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion" but must consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including that: (1) the ALJ erred in concluding that Plaintiff was not disabled

6

because he could perform obsolete jobs or jobs with demands that exceeded his RFC; (2) the ALJ failed to construct a logical bridge from the evidence to her assessment of Plaintiff's physical RFC; (3) the ALJ improperly rejected the medical opinion of Plaintiff's treating physician; and (4) the ALJ improperly relied on Plaintiff's treatment history and failed to consider Plaintiff's limited activities of daily living in concluding that his statements were not consistent with the evidence.

In advancing this last argument, Plaintiff contends, *inter alia*, that the ALJ improperly relied on the fact that Plaintiff did not undergo specialized treatment for his physical impairments as evidence that was inconsistent with Plaintiff's subjective allegations. According to Plaintiff, the ALJ improperly drew a negative inference about Plaintiff's subjective allegations based on his failure to follow through with a referral for physical therapy because the ALJ was not permitted to draw such an inference without first obtaining an explanation from Plaintiff for why he did not follow through. In response, the Commissioner argues that because the ALJ (1) did obtain an explanation from Plaintiff as to why he did not follow up on a referral to a psychiatrist and (2) regardless, the ALJ provided four other independent reasons for rejecting Plaintiff's subjective allegations, the ALJ's conclusion was proper. The Court disagrees.

In assessing the credibility of a claimant's subjective allegations, infrequent treatment or failure to follow a treatment plan can support an adverse credibility finding where the claimant does not have a good reason for the failure or infrequency of treatment. *Craft v. Astrue*, 539 F.3d 668, 679 (7th Cir. 2008).

7

"However, the ALJ must not draw any inferences about a claimant's condition from this failure unless the ALJ has explored the claimant's explanations as to the lack of medical care." *Id.* (quotation omitted). Here, the ALJ did not inquire into Plaintiff's failure to follow up on his physical therapy referral. With respect to the Commissioner's first contention, the ALJ's inquiry into Plaintiff's failure to follow up on his psychiatry referral is irrelevant to Plaintiff's physical RFC. As to the Commissioner's second contention, perhaps the ALJ's four other reasons for rejecting Plaintiff's subjective allegations would have led the ALJ to the same result, but perhaps not. It is impossible to know without the ALJ exploring and considering Plaintiff's reason for not following through with physical therapy, as it could have been for reasons having nothing to do with the veracity of his subjective allegations. *See id.* ("An inability to afford treatment is one reason that can provide insight into the individual's credibility.").

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that (1) the jobs Plaintiff can perform are neither obsolete nor entail demands that exceed his RFC; (2) the ALJ constructs a logical bridge from the evidence to her assessment of Plaintiff's physical RFC; (3) the rejection of any medical opinion is proper; and (4)

8

the ALJ properly considers all of Plaintiff's treatment history and limited activities of daily living.

## CONCLUSION

For the foregoing reasons, Plaintiff's request to reverse the decision of the Commissioner [Doc. No. 13] is granted, and the Commissioner's cross-motion for summary judgment [Doc. No. 16] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**   **ENTERED:**

**DATE:   July 11, 2025**

_____
**HON. MARIA VALDEZ**
**United States Magistrate Judge**